MICHELLE KAHN, Cal. Bar. No. 123528
MKahn@SheppardMullin.com
LAURA L. CHAPMAN, Cal. Bar No. 167249
LChapman@SheppardMullin.com
MOLLY NEWLAND TULLMAN, Cal. Bar No. 244928
MNewland@SheppardMullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
Telephone: 415.434.9100
Facsimile: 415.434.3947

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

[DIVISION TO BE ASSIGNED]

| | |
|---|---|
| CUTTING EDGE SOLUTIONS, LLC, a California Limited Liability Company,<br><br>     Plaintiff,<br><br>v.<br><br>SUSTAINABLE LOW MAINTENANCE GRASS, LLC, a Florida Limited Liability Company, TURF AND LANDSCAPE SOLUTIONS, LLC, a Massachusetts Limited Liability Company, and DOES 1 to 10,<br><br>     Defendants. | Civil Action No.  14-2770<br><br>COMPLAINT FOR INJUNCTIVE AND MONETARY RELIEF FOR: (1) UNFAIR COMPETITION UNDER THE LANHAM ACT; (2) COMMON LAW TRADEMARK INFRINGEMENT; (3) CANCELLATION OF FEDERAL TRADEMARK REGISTRATION; AND (4) CYBERSQUATTING<br><br>**JURY DEMAND** |

Plaintiff Cutting Edge Solutions, LLC ("Plaintiff CUTTING EDGE"), for its Complaint herein, alleges as follows:

**NATURE OF ACTION**

1.   This is an action for unfair competition under Section 43 of the Lanham Act (15 U.S.C. § 1125(a)), for common law trademark infringement, for cancellation of a federal trademark registration under the Lanham Act (15 U.S.C. §§ 1051 *et seq.*), and for violations of the Anticybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)). Plaintiff Cutting Edge seeks all appropriate equitable and legal relief, including but not limited to preliminary and permanent injunctive relief and monetary recovery.

# THE PARTIES

2. Plaintiff CUTTING EDGE is a California limited liability company with its principal place of business in Santa Rosa, California.

3. Plaintiff CUTTING EDGE is informed and believes, and on that basis alleges, that Defendant Sustainable Low Maintenance Grass, LLC ("Defendant SLMG") is a Florida limited liability company whose principal place of business is in Florida. As indicated in its trademark registration and applications and on the website of the Florida Department of State, Defendant SLMG is located at 3 Long Lake Way, Palm Coast Florida 32137.

4. Plaintiff CUTTING EDGE is informed and believes, and on that basis alleges, that Defendant Turf and Landscape Solutions, LLC ("Defendant TALS") is a Massachusetts limited liability company whose principal place of business is in Massachusetts. As indicated on the website of the Massachusetts Secretary of State, Defendant TALS is located at 17 Brent Drive, Hudson, MA 01749.

5. Plaintiff CUTTING EDGE is further informed and believes, and on that basis alleges, that Defendant SLMG has engaged in the acts alleged in this Complaint in this judicial district and has solicited and conducted business over the Internet, through its website in this judicial district, http://cuttingedgegrass.com/, and through other means in this judicial district, including Home Depot's website (at http://www.homedepot.com/p/Cutting-Edge-4-lb-Low-Maintenance-Sun-and-Shade-Grass-Seed-Mix-100104/205161579) and through Amazon.com (at http://www.amazon.com/Seen-Cutting-Edge-Grass-Seed/dp/B00F3CHUNK).

6. Plaintiff CUTTING EDGE is further informed and believes, and on that basis alleges, that Defendant TALS has solicited and conducted business over the Internet, through its website, http://getcuttingedgegrass.com/?c=eVFsFP in this judicial district, and has engaged in the acts alleged in this Complaint in this judicial district.

7. Plaintiff CUTTING EDGE is ignorant of the true names and capacities of defendants sued as Does 1 through 10, inclusive and therefore sues these defendants by

such fictitious names. Plaintiff CUTTING EDGE will amend this Complaint to allege their names and capacities when they have been ascertained.

8. On information and belief, each of the fictitiously named defendants is at all relevant times responsible in some manner for the occurrences alleged in this Complaint. Their alleged acts and/or omissions are a direct and proximate cause of the injuries sustained by Plaintiff CUTTING EDGE.

9. Plaintiff CUTTING EDGE is informed and believes, and on that basis alleges, that all Defendants, including the fictitious Doe defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or joint ventures and employees of all other defendants, and all acts alleged herein occurred within the course and scope of said agency, employment, partnership, joint venture, conspiracy and/or enterprise, and with the express and/or implied permission, knowledge, consent, authorization, and ratification of their co-defendants.

## JURISDICTION AND VENUE

10. This action arises under the Lanham Act, 15 U.S.C. §§ 1052, 1064, 1119, 1125 and the common law.

11. The Court has subject matter jurisdiction pursuant to 15 U.S.C. §§ 1119, and 1121 and 28 U.S.C. §§ 1331 and 1338 and has supplemental jurisdiction over the state common law claim pursuant to 28 U.S.C. § 1367.

12. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b)(2) and (c) in that, on information and belief, Defendant SLMG has done business in this district and/or a substantial part of the events giving rise to Plaintiff's claims occurred in or were aimed at this judicial district.

13. Plaintiff CUTTING EDGE is informed and believes, and on that basis alleges, that Defendant SLMG and TALS are each subject to the personal jurisdiction of this Court and are amenable to service of process in California.

**INTRADISTRICT ASSIGNMENT**

14. Because this action is an Intellectual Property Action as specified in Civil L.R. 3-2(c), it is to be assigned on a district-wide basis.

**FACTUAL ALLEGATIONS**

15. Plaintiff CUTTING EDGE is a leading manufacturer of plant fertilizers, nutrients and additives for the agricultural industry. Plaintiff CUTTING EDGE also performs crop consulting and operates a soil biology lab. In addition, Plaintiff CUTTING EDGE has been a pioneer in the rapidly emerging and growing field of hydroponics.

16. Plaintiff CUTTING EDGE has been a California Limited Liability Company since January 10, 2001.

17. Plaintiff CUTTING EDGE has continuously used "Cutting Edge Solutions" (the "Mark") as a trademark on its products since January 2001. It is the owner of the Mark for use in connection with fertilizers for agricultural use and related products.

18. The Mark is the subject of an application that Plaintiff CUTTING EDGE filed with the United States Patent and Trademark Office ("USPTO") and which has been assigned Serial No. 85/713849 and is pending.

19. Below is a specimen Plaintiff CUTTING EDGE submitted to the USPTO in connection with its trademark application, consisting of a label for Plaintiff CUTTING EDGE's "Humtea" product:



1   20.  Plaintiff CUTTING EDGE has registered and operated the website at www.CuttingEdgeSolutions.com since December 2002.  Plaintiff CUTTING EDGE has also registered and operates the website at www.CuttingEdgeSolutions.org.  Plaintiff CUTTING EDGE provides information about its products and promotes its businesses on its websites, which display its trademarks, including the trademark "Cutting Edge Solutions."

21.  Defendant SLMG sells grass seed under the designation "Cutting Edge."  One of its distribution channels is Home Depot, which sells Defendant SLMG's "Cutting Edge" grass seed on line at:  http://www.homedepot.com/p/Cutting-Edge-4-lb-Low-Maintenance-Sun-and-Shade-Grass-Seed-Mix-100104/205161579.  Another of Defendant SLMG's distribution channels for "Cutting Edge" grass seed is Amazon.com , which sells Defendant SLMG's "Cutting Edge" grass seed on line at http://www.amazon.com/Seen-Cutting-Edge-Grass-Seed/dp/B00F3CHUNK.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

22. Defendant SLMG operates a website at http://cuttingedgegrass.com/. The website describes Defendant SLMG's grass seed product and states that the SLMG grass seed product is "Now With Cutting Edge Organic Seed Coating ™" That statement appears on the website as follows:



23. Defendant SLMG's website describes the alleged properties of "Cutting Edge Organic Seed Coating ™" as including fertilizers, nutrients and additives, as follows:

> Sustainable and Organic: **Cutting Edge Organic Seed Coating™** is the <u>only</u> **OMRI® Listed**, natural, organic seed coating on the market today. It includes a Hydration and Mycorrhiza Package™, which will better absorb water and retain moisture longer than uncoated seed, enabling quicker germination and, in many instances, reducing the frequency of watering during the germination process. The seed is also coated with Mycorrhiza, fungi that grow either inside the roots or on the root's surface. The fungi send their hyphae (similar to small roots) into the surrounding soil, thus enhancing the grass' ability to absorb nutrients and water and to filter out soil toxins.

24. Defendant SLMG's first use of the "Cutting Edge" designation was no earlier than August 2011, more than ten years after Plaintiff CUTTING EDGE first began using the Mark.

25. Defendant SLMG applied for a U.S. Trademark Registration on July 18, 2011 by filing an intent to use application for "Cutting Edge" and the design shown below for grass seed, which was assigned Serial No. 85/976829:



26. SLMG thereafter submitted a declaration of use claiming a date of first use of the "Cutting Edge" and design mark shown above of August 31, 2011. Following that, U.S. Trademark Registration No. 4196037 issued to Defendant SLMG on August 21, 2012 for CUTTING EDGE and design on grass seed in International Class 31.

27. Because Plaintiff CUTTING EDGE's first use of the Mark started more than ten years before Defendant SLMG's first use of the Mark, Plaintiff CUTTING EDGE has superior rights in the Mark.

28.     Plaintiff CUTTING EDGE's valuable reputation and goodwill using the Mark was established long before Defendant SLMG began using the Mark in connection with its grass seed product.

29.     On February 25, 2014, Defendant SLMG filed with the U.S. Patent and Trademark Office ("USPTO") the following intent to use Application Serial Numbers for the word and/or design mark "Cutting Edge," which are currently pending before the USPTO:

1. 85/374399 (word and design mark) in connection with fertilizer, herbicides and pesticides, lawn mowers, power operated shears, mechanical spreaders for seed and dry lawn chemicals, power blowers for lawn debris, power operated lawn and garden string trimmers, power operated lawn and garden tools, namely, cultivators, lawn and garden edgers, lawn aerators, lawn edgers, lawn maintenance equipment, namely, rakes, gardening shears and scissors, lawn rollers, hand operated spreaders for seek and dry lawn chemicals, hand-operated lawn edgers, hand operated lawn aerators.
2. 85/771826 (word and design mark) in connection with chemical preparations for melting ice and snow.
3. 86/203255 (word mark) in connection with fertilizer.
4. 86/203281 (word mark) in connection with herbicides and pesticides.
5. 86/203327 (word mark) in connection with lawn mowers, power operated shears, mechanical spreaders for seed and dry lawn chemicals, power blowers for lawn debris, power operated lawn and garden string trimmers, power operated lawn and garden tools, namely, cultivators, lawn and garden edgers, lawn aerators, lawn edgers.
6. 86/203344 (word mark) in connection with law maintenance equipment, namely, rakes, gardening shears and scissors; lawn rollers, hand operated spreaders for seed and dry lawn chemicals, hand operated lawn edgers, and hand operated lawn aerators.

30. Defendant SLMG has apparently contracted with Defendant TALS for TALS to be the "internet only distributor of Cutting Edge™ Grass Seed and future Cutting Edge™ sustainable product lines" as stated on its website, http://www.turfandlandscapesolutions.com/. That website references the "Cutting Edge Organic Seed Coating™."

31. Defendant TALS operates http://www.getcuttingedgegrass.com/, which is a website which sells SLMG's Cutting Edge grass seed.

32. Defendants SLMG and TALS should not be permitted to use "Cutting Edge" in connection with any of their actual and intended uses due to Plaintiff CUTTING EDGE's prior use and the likelihood of confusion, mistake, or deception as to the affiliation, connection, or association of Plaintiff CUTTING EDGE with Defendant SLMG and TALS, or with regard to the origin, sponsorship or approval by Plaintiff CUTTING EDGE of Defendants SLMG's and TALS' goods, services or commercial activities between Plaintiff CUTTING EDGE and Defendants SLMG and TALS.

**FIRST CLAIM FOR RELIEF
UNFAIR COMPETITION
AGAINST ALL DEFENDANTS**

33. Plaintiff CUTTING EDGE repeats and realleges each of the allegations contained above, as if fully set forth herein.

34. Plaintiff CUTTING EDGE's trademark "Cutting Edge Solutions" is entitled to protection under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Plaintiff Cutting Edge first used "Cutting Edge Solutions" more than ten years before Defendants first used "Cutting Edge." As a result, the rights of Plaintiff CUTTING EDGE in the Mark are superior to Defendants.

35. Defendants' use and promotion of the "Cutting Edge" designation on grass seed and the related products listed in Defendant SLMG's trademark applications will likely cause confusion, mistake or deception as to the affiliation, connection, or association of Plaintiff CUTTING EDGE with Defendants, or with regard to the origin,

sponsorship or approval by Plaintiff CUTTING EDGE of Defendants' goods, services or commercial activities.

36. Defendants' use of "Cutting Edge" on grass seed and the related products listed in Defendant SLMG's trademark applications constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 and should be preliminarily and permanently enjoined.

37. Plaintiff CUTTING EDGE has been damaged by Defendants' use of "Cutting Edge" and will suffer irreparable harm unless Defendants are preliminarily and permanently restrained from using "Cutting Edge."

### SECOND CLAIM FOR RELIEF
### COMMON LAW TRADEMARK INFRINGEMENT
### AGAINST ALL DEFENDANTS

38. Plaintiff CUTTING EDGE repeats and realleges each of the allegations contained above, as if fully set forth herein.

39. Defendants' use of "Cutting Edge" constitutes common law trademark infringement and should be preliminarily and permanently enjoined.

40. The actions of Defendants were oppressive, fraudulent and/or malicious and/or in reckless disregard of the rights of Plaintiff, entitling Plaintiff to an award of punitive damages under state common law.

### THIRD CLAIM FOR RELIEF
### CANCELLATION OF FEDERAL TRADEMARK
### REGISTRATION UNDER 15 U.S.C. § 1064
### AGAINST DEFENDANT SLMG

41. Plaintiff CUTTING EDGE repeats and realleges each of the allegations contained above, as if fully set forth herein.

42. U.S. Trademark Registration No. 4196037 is invalid and unenforceable and should be cancelled due to likelihood of confusion with Plaintiff CUTTING EDGE's previously used Mark pursuant to Section 14 of the Lanham Act, 15 U.S.C. § 1064.

**FOURTH CLAIM FOR RELIEF**
**CYBERSQUATTING UNDER 15 U.S.C. § 1125(d)**
**AGAINST ALL DEFENDANTS**

43. Plaintiff CUTTING EDGE repeats and realleges each of the allegations contained above, as if fully set forth herein.

44. On information and belief, Defendant Defendants have a bad faith intent to profit from the registration and Internet domain names http://cuttingedgegrass.com/ and http://www.getcuttingedgegrass.com/ by creating an association with Plaintiff's well-known "Cutting Edge" trademark as to source or sponsorship.

45. "Cuttingedgegrass.com" as used in http://cuttingedgegrass.com/ and http://www.getcuttingedgegrass.com/ are confusingly similar to, and dilutes the distinctive quality of, CUTTING EDGE's "Cutting Edge" mark.

46. Defendants' acts are in violation of the Anticybersquatting Consumer Protection Act under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

47. Plaintiff CUTTING EDGE has been damaged by Defendants' unlawful use of the http://cuttingedgegrass.com/ domain name and the and http://www.getcuttingedgegrass.com/ domain name and will suffer irreparable harm unless Defendants are enjoined from using it.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff CUTTING EDGE respectfully demands judgment as follows:

1. For a preliminary and permanent injunction prohibiting Defendants from using "Cutting Edge."

2. For an order to the U.S. Patent and Trademark Office cancelling U.S. Trademark Registration No. 4196037 for the alleged mark CUTTING EDGE.

3. For monetary relief, including actual damages, Defendants' profits and punitive damages under California Civil Code § 3294 (in connection with the state common law claim) according to proof at trial.

1       4.     That the present case be found exceptional and that attorneys' fees be
2  awarded to Plaintiff under the Lanham Act or as otherwise provided by law.
3       5.     That Defendants be ordered to pay to Plaintiff pre-judgment and post-
4  judgment interest on all sums allowed by law.
5       6.     That Defendants be ordered to pay to Plaintiff its costs incurred in this action.
6       7.     That Defendants be ordered to transfer http://cuttingedgegrass.com/ and
7  http://www.getcuttingedgegrass.com/ to Plaintiff.
8       8.     That Plaintiff has such other and further relief as this Court may deem just
9  and proper.

## DEMAND FOR JURY TRIAL

Plaintiff CUTTING EDGE demands a trial by jury as to all issues so triable.

Dated this 16 th day of June, 2014.

      Respectfully submitted,

      SHEPPARD. MULLIN. RICHTER & HAMPTON LLP

By:     /s/ *Laura L. Chapman*
      LAURA L. CHAPMAN
      Attorneys for Plaintiff
      CUTTING EDGE SOLUTIONS. LLC