UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUTTING EDGE SOLUTIONS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>SUSTAINABLE LOW MAINTENANCE GRASS, LLC, et al.,<br><br>    Defendants. | Case No. 14-cv-02770-WHO<br><br>**ORDER ON MOTION TO STAY**<br>Re: Dkt. No. 17 |

    Plaintiff Cutting Edge Solutions (CES) and defendant Sustainable Low Maintenance Grass (SLMG) are enmeshed in a trademark dispute over the marks "CUTTING EDGE" and "Cutting Edge Solutions." CES is a leading manufacturer of plant fertilizers, nutrients, and additives for the agricultural industry. First Amended Complaint ¶ 15. CES contends that it has used "Cutting Edge Solutions" as a trademark on its products since 2001, and it is the owner of the mark for use in connection with fertilizers for agricultural uses and related products. *Id*. ¶ 17. CES alleges that SLMG sells grass seed using "Cutting Edge" through Home Depot and amazon.com. *Id*. ¶ 21. SLMG describes one of its products as having a "Cutting Edge Organic Seed Coating." *Id*. ¶ 22. SLMG secured a registered trademark for its use on grass seed in August 2012. *Id*. ¶ 27. CES, however, claims its prior use of the mark gives it superior rights and that defects in the assignment cancelled SLMG's registration. *Id*. ¶ 26, 28.

    On April 18, 2014, SLMG filed a declaratory relief action in the District of Massachusetts against CES, seeking to clarify the parties' rights with respect to the mark. *Sustainable Low Maintenance Grass, LLC v. Cutting Edge Solutions, LLC*, D. Mass., Case No. 14-cv-11894 (Judge Indira Talwani). SLMG did not serve the complaint, as the parties were still negotiating a potential settlement of their dispute. Declaration of Kenneth R. Berman [Docket No. 18] ¶¶ 11-13.

On June 16, 2014, after the settlement negotiations broke down, CES filed this case for unfair business competition under the Lanham Act, common law trademark infringement, cancellation of federal trademark registration due to priority of use, and cybersquatting.[1]  In response, SLMG served its Massachusetts complaint on CES.

On July 2, 2014, CES moved for a preliminary injunction in this case.  On July 8, 2014, CES also filed a motion in the Massachusetts case, asking Judge Talwani to dismiss the Massachusetts case, or in the alternative transfer the case to the Northern District of California.  In the motion in Massachusetts, CES argues that the first to file rule should not apply and the Massachusetts case should be dismissed or transferred, because SLMG did not have capacity to file the Massachusetts case and the Massachusetts case is an impermissible anticipatory declaratory relief action, in the alternative CES argues that the interests of justice and convenience support transfer to the Northern District.  Docket No. 12, Case No. 14-11894 D. Mass. That motion has been fully briefed and submitted (as of July 30, 2014), and Judge Talwani set that motion for hearing on September 5, 2014.

Pending before this Court is SLMG's motion to stay this case and stay the hearing on the motion for preliminary injunction until Judge Talwani decides the motion pending in Massachusetts.  CES opposes that motion, raising essentially the same arguments as the ones pending before Judge Talwani:  the first-to-file rule should not apply to the Massachusetts case because under Massachusetts law SLMG lacked capacity to sue when it filed the Massachusetts case, and the Massachusetts case was an impermissible anticipatory declaratory relief action.

CES also argues that this Court should proceed to hear its motion for preliminary injunction (without waiting to hear from Judge Talwani), because it seeks relief from irreparable injury in the ongoing use of its trademark.  CES, however, does not explain with any specificity the nature of the harm it will suffer if a limited stay is granted; it only indicates – in its motion for preliminary injunction – that SLMG's continued use of the CUTTING EDGE mark on its grass seed causes confusion and creates harm to CES' mark and the preliminary injunction should issue

---

[1] On August 18, 2014, CES filed a FAC, adding a cause of action for "cancellation of federal trademark registration due to defective assignment." Docket No. 31.

to prevent any loss of control CES has over its reputation and goodwill. Docket No. 13 at 18, 23. CES does not provide any evidence of actual customer confusion or loss of reputation or goodwill.

Having considered the arguments raised, and in light of the lack of a showing of harm to CES if the hearing on their motion for a preliminary injunction is slightly delayed and out of concern for judicial efficiency and the orderly administration of justice, I GRANT the motion to stay.

Before proceeding to adjudicate CES' motion for a preliminary injunction in this Court, Judge Talwani should be allowed to determine whether (under Massachusetts law) SLMG properly filed its complaint in Massachusetts in the first instance and whether the case belongs there or here. *See, e.g., Carefusion 202, Inc. v. Tres Tech Corp.*, 2013 U.S. Dist. LEXIS 109146, *3-5, Case No. 13-2194 EMC (N.D. Cal. Aug. 2, 2013) (concluding that exceptions to first-to-file doctrine – *e.g*., bad faith, anticipatory suit, and/or forum shopping – should be decided by the first filed court, otherwise, "[i]t would contravene the purpose of the first-to-file rule (i.e., to avoid inconsistent results and promote efficiency) for the second court to make a ruling on whether an exception applies.").[2]

CES' motion for a preliminary injunction is reset for argument on **October 15, 2014**. SLMG's opposition is due September 17, 2014. CES' reply is due October 1, 2014.

**IT IS SO ORDERED**.

Dated: August 20, 2014

WILLIAM H. ORRICK
United States District Judge

---

[2] CES relies upon *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535 (6th Cir. 2007) to argue that this Court should not defer decision on its motion for preliminary injunction pending Judge Talwani's decision on the motion to dismiss or transfer. In that case, the district court in Michigan denied a motion for a preliminary injunction because plaintiff had not established a likelihood of success on the merits and also concluded that an injunction should not issue until the state court in Ohio (with the first-filed action) ruled on a pending motion to dismiss. The Sixth Circuit concluded the district court abused its discretion in denying the injunction based in part on comity concerns because the parties' forum selection clause identified Michigan as the proper forum and, therefore, the Ohio action was nothing other than an anticipatory attempt to forum shop. *Id*. at 552. Here, there is no forum selection clause and SLMG raises genuine arguments as to why the case should remain in Massachusetts.